STATE *v.* PETER LYNOTT.

Although the expression by a judge in his charge to the jury of his opinion as to an inference of a fact from evidence affords, in general, no ground for exception, yet if he instruct them as to such an inference, in such manner that they might well understand that the inference is matter of law, which they are not at liberty to disregard, it is matter of just exception to his charge.

INDICTMENT, charging that the defendant, at Providence, on the 17th day of March, 1857, and on divers days and times between that day and the day of finding the indictment, being the 6th day of June, 1857, kept and maintained a certain common nuisance, to wit, a grogshop and tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors.

At the trial of the indictment before Mr. Justice Shearman, at the December term, 1857, of the court of common pleas for the county of Providence, witnesses were examined in behalf of the state, who testified, that during the time laid in the indictment, the defendant and his family occupied certain rooms in a building in Richmond Street, Providence ; that some of said rooms were occupied by the defendant and his family as their residence, and that one of said rooms was occupied as a store and bar-room, in which intoxicating liquors were sold or kept ; that the wife of the defendant attended said store, and that she had hired the same rooms and kept the same store previous to her marriage to the defendant ; that the defendant, after his marriage renewed the agreement for hiring, but had not himself paid any rent ; and there was no evidence that he ever attended said store, or bought or sold goods for or from the same. It appeared, that the defendant was a jeweller and worked at his trade ; though when arrested at the shop where he worked, the officer who arrested him swore that he told him, upon being asked, that the shop for keeping which he was indicted, was his place of business.

Upon this evidence, the judge instructed the jury, " that *it should be presumed* that the wife kept said store by the direction and in behalf of her husband ; " to which instruction the defendant excepted, and a verdict of guilty having been returned against

him, brought his objection to such instruction, by bill of exceptions, to this court.

*W. W. Updike* and *Blake*, for the defendant, cited *Commonwealth* v. *Harvey*, 1 Gray, 487–489.

*J. B. Kimball*, attorney-general. The charge of the court was correct; it having been proved by the testimony of witnesses sworn on behalf of the state, that the bar-room was hired and occupied by the defendant, and also, by the admissions of the defendant, that he had a place of business at the shop or bar-room in question. The presumption is, that whatever was done by defendant's wife, at said shop or bar-room, in the course of the business usually carried on there, was done by direction of and in behalf of her husband.

AMES, C. J. The evidence before the jury was certainly such, that they might well infer from it, that the store and bar-room were kept by the wife under the direction and in behalf of her husband, the defendant. Had the judge confined himself to expressing this opinion merely, leaving the jury, however, at liberty to draw their own inference in this respect from the evidence submitted to them, we should not deem such expression of opinion the proper subject of an exception, even though we might differ from him in his conclusion. The point of the objection to his instruction to the jury here is, that, as he states, he instructed them "that *it should be presumed* that the wife kept the store by the direction and in behalf of her husband," without more; which well might be construed by the jury to mean, that they were not at liberty to draw their own inference in this respect from the evidence before them, but were bound to adopt, as a matter of law, the presumption stated in the charge of the court.

It is quite possible, after all, that this appears in consequence of an incautious allowance of this bill of exceptions, rather than is justified by anything which actually took place at the trial. Taking, however, as we must, the bill of exceptions as allowed, the instruction might reasonably have been understood by the jury to be imperative upon them, as to the above inference of fact; and a new trial is therefore allowed the defendant, at the ensuing term of the court of common pleas for the county of Providence.